COMMUNITY HOSPITAL OF CHANDLER, INC. d/b/a Chandler Regional Hospital, an Arizona Corporation, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

No. CIV 89-1942 PHX EHC.

United States District Court, D. Arizona.

Aug. 16, 1990.

Douglas Gerlach, Brown & Bain, Phoenix, Ariz., for plaintiff.

Steven Keller, Scottsdale, Ariz., for defendant.

## ORDER

CARROLL, District Judge.

Plaintiff, Community Hospital of Chandler, Inc. d/b/a Chandler Regional Hospital (the Hospital), seeks review of an administrative decision rendered on behalf of the Secretary of the Department of Health and Human Services by the Health Care Financing Administration (HCFA).

In sum the HCFA decision declared that the Hospital was not a "new hospital" under the regulations and therefore it receives Medicare reimbursement payments according to a "hospital specific" rate as opposed to the new "federal" rate. Plaintiff claims that the HCFA decision was arbitrary, capricious and inconsistent with the "clear" intent of Congress. Plaintiff also seeks to have 42 C.F.R. § 412.74 (new hospital) declared invalid.

Prior to 1983, payment for services rendered by a medicare provider was based on the lower of reasonable cost or customary charges for services. In 1983, Congress implemented the Prospective Payment System (PPS) for reimbursing hospitals.

The PPS reimburses hospitals according to prospectively determined payment rates in an effort to encourage hospitals to be more cost effective.

Congress created a 4 year transition period for the implementation of PPS in order to lessen its impact. During this period an increasing proportion of a hospital's PPS payment for each discharge is based on a "federal rate", and a declining proportion of such payment is derived from the hospital's historical costs.

The "federal rate" which provides only prospective payment is applied to new hospitals or hospitals which do not have the requisite historical cost experience.

*Background*

The Chandler Community Hospital (CCH), was a 46–bed facility which was built in 1962 and remained in operation until March 17, 1984. CCH moved its operation to a new 120–bed medical facility located seven miles away from the old location. The new facility accepted its first patients in March, 1984. The old and the new CCH were run by the same corporation and management. CCH operated under the same Medicare provider agreement before and after the move. CCH filed a consolidated Medicare costs report for the cost reporting period ending December 31, 1984 for the costs incurred at both the new and old CCH as if they were the costs of a single participating hospital.

The PPS was implemented in 1983. Plaintiff's first fiscal year under PPS began on January 1, 1984. The Fiscal Intermediary calculated a hospital-specific rate for plaintiff, which was derived from the provider's base 1982 costs incurred at the original CCH facility. CCH changed its name to Chandler Regional Hospital in February, 1987.

The CCH sought to be treated as a "new hospital" in 1986. The Intermediary denied plaintiff's request. The Intermediary's decision was affirmed by the Provider Reimbursement Review Board (PRRB) after a hearing on February 28, 1989. The Acting Administrator of the Health Care Financing Administration (HCFA) reviewed the PRRB decision and concluded that the term "hospital" referred to a business organization and therefore the plaintiff was not newly participating in the Medicare program and did not meet the regulatory definition of "new hospital".

*Scope of review*

The scope of review by this Court is governed by 5 U.S.C. § 706. To the extent necessary to render a decision, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. 5 U.S.C. § 706. The reviewing court shall:

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

.     .     .     .     .

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; ...

5 U.S.C. § 706. This Court is not empowered to simply substitute its judgment for that of the agency. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971); cf. *Red Top Mercury Mines, Inc. v. U.S.*, 887 F.2d 198, 202 (9th Cir.1989).

Plaintiff sets forth four arguments as the basis for its appeal: (1) the Secretary's decision is inconsistent with the plain meaning of the regulation and common sense; (2) the determination is inconsistent with Congressional intent; (3) the decision is arbitrary and capricious; and (4) the regulation is invalid.

*Decision Inconsistent with Plain Meaning of Regulation*

■ Plaintiff argues that the decision of the Secretary is not consistent with the plain meaning of the regulation. This position is clearly incorrect.

CCH is not newly participating in the Medicare program. The plaintiff under its former name CCH and its current name Chandler Regional has been participating in the program since 1966. When CCH moved to its new location it did not seek to terminate its previous Medicare agreement for the old facility nor did it seek to obtain another agreement for the new facility.

As will be discussed in more detail below, Chandler Regional is merely a relocated and expanded CCH. Accordingly, plaintiff has a 12–month cost reporting period ending prior to September 30, 1983.

The Secretary's decision is consistent with the language and plain meaning of the regulation. Despite plaintiff's contention the decision is compatible with common sense.

*Congressional Intent*

■ Plaintiff asserts that the "Secretary's decision is inconsistent with congressional intent". It is unclear from plaintiff's arguments on this issue whether it is referring to the decision denying "new hospital" status or to the Secretary's promulgation and implementation of § 412.74. It is assumed that plaintiff's counsel is arguing that the "new hospital" regulation, § 412.74, is inconsistent with the mandate of Congress. Plaintiff states in its complaint that the Secretary's regulations fail to make appropriate provision for new hospitals during the PPS transition period, in violation of 42 U.S.C. 1395ww(d)(5)(C)(iii) and 42 U.S.C. § 1395ww(b)(4)(A).

"When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose it own construction on the statute. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron, U.S.A., Inc. v. Natural Resources Defense*, 467 U.S. 837, 104 S.Ct. 2778, 2781–2782, 81 L.Ed.2d 694 (1984). "If Congress has explicitly left a gap for the agency to fill, there is an

express delegation of authority to the agency to elucidate a specific provision of the statute by regulation." *Id.*

The purpose of the transition period, prior to the complete implementation of PPS, was to lessen the impact on hospitals due to the change in the reimbursement program. Congress also recognized that there would be new hospitals and hospitals which did not have the historical cost data to develop a hospital-specific rate and therefore directed the Secretary to promulgate regulations dealing with this problem. Accordingly, it enacted 42 U.S.C. § 1395ww(b)(4)(A) and (d)(5)(C)(iii) which allow the Secretary to provide for exceptions and adjustments to the method of payment under the PPS if it is deemed appropriate.

In this situation Congress delegated the responsibility of determining how best to handle the problem of reimbursing new hospitals to the Secretary. The Secretary's regulation governing the classification of a new hospital is reasonable and in line with the intent of Congress.

*Arbitrary or Capricious*

Plaintiff claims that it is a "new hospital" within the meaning of 42 C.F.R. § 412.74 and that the decision of the Secretary was arbitrary and capricious. The regulations provide in pertinent part:

> (a) For the purposes of this section, a new hospital is a hospital that meets ... the following requirements:
>
> (1) The hospital—
>
> (i) Is newly participating in the Medicare program (under previous and present ownership); and
>
> (ii) Does not have a 12–month cost reporting period ending before September 30, 1983.

42 C.F.R. § 412.74.

Plaintiff is not a newly participating hospital in the Medicare program. CCH has been participating in the Medicare program since 1966. It is evident from plaintiff's cost reporting, i.e. fiscal year 1984, that it was treating the new and old hospitals as one in the same.

The situation at hand is analogous to a corporation which expands its production and moves to a more modern and larger facility. The corporation is the same even though its facilities and staff are larger.

Clearly the decision of the Secretary was not arbitrary and capricious and is supported by the record.

*Validity of Regulation*

Plaintiff asserts:

> If the Secretary's position that Chandler is not entitled to relief is correct, then the regulation on which the Secretary bases that conclusion must be invalid for failing to address important aspects of the very problem that Congress directed the Secretary to solve.

Plaintiff's Memo p. 23. Plaintiff's assertion is erroneous.

Plaintiff's major contentions are that it should treated as a new hospital because it has increased capacity and offers more costly services and by failing to treat CCH, now known as Chandler Regional, as such the Secretary has failed to address a problem he was directed by Congress to solve.

Plaintiff fails to address the fact that the regulations specifically take into account the problems about which CCH complains. The regulations have built into them adjustments for PPS payments to those hospitals who increase the number of patients treated and/or change the type of care provided. 42 C.F.R. § 405.475 (1983).

Accordingly,

IT IS ORDERED granting defendant's motion for summary judgment

IT IS FURTHER ORDERED that the Clerk of the Court enter judgment in accordance with this order and plaintiff take nothing by way of its complaint.